UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LISA JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:17-cv-01909-AGF |
| LOU FUSZ AUTOMOTIVE NETWORK, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (ECF No. 10) of Defendant Lou Fusz Automotive Network ("Lou Fusz") to dismiss Plaintiff Lisa Johnson's complaint on res judicata grounds. For the following reasons, the Court will deny the motion.

## BACKGROUND

Johnson worked at Lou Fusz full time until January 24, 2013, when she was discharged. Johnson alleges that Lou Fusz discharged her to avoid the costs of providing health insurance coverage for her minor son, who suffers from an incurable medical condition.

On October 9, 2013, Johnson filed a lawsuit against Lou Fusz in Missouri state court asserting an employment discrimination claim under the Missouri Human Rights Act ("MHRA") and a claim for unpaid overtime under the Missouri Minimum Wage Law. In her MHRA claim, Johnson alleged that Lou Fusz discriminated against her because of her association with her disabled son. Johnson specifically alleged that her

discharge was motivated by Lou Fusz's desire to avoid exposure to health care expenses resulting from Johnson's son's medical condition. In her overtime claim, Johnson alleged that she routinely worked in excess of 40 hours per work week and that Lou Fusz had a policy of manipulating Johnson's timesheet to avoid paying her overtime.

On October 8, 2014, Lou Fusz removed the state court lawsuit to this Court, arguing that the MHRA claim was completely preempted by the Employee Retirement Income Security Act ("ERISA") and, thus, properly removable under the Court's federal-question jurisdiction, and that the Court could exercise supplemental jurisdiction over the state-law overtime claim. Johnson moved to remand, arguing that the removal was untimely and that, in any event, the MHRA claim was not preempted. Another judge of this Court agreed that the removal was untimely, and on December 22, 2014, remanded the case to the state court without considering the Lou Fusz's preemption argument.

Upon remand, the state court, on Lou Fusz's motion, dismissed the MHRA claim with prejudice for lack of subject matter jurisdiction, on the ground that the claim was completely preempted by ERISA. The state court later granted Lou Fusz's motion for summary judgment on the overtime claim. The Missouri Court of Appeals affirmed both rulings on February 28, 2017, but it modified the dismissal of the MHRA claim to be "without prejudice," as "there ha[d] been no ruling on the merits of [Johnson's discrimination] claim." ECF No. 11-1 at 363. The appellate court added that "nothing about the dismissal prevent[ed] Johnson from filing the ERISA claim in the appropriate forum, a federal district court." ECF No. 11-1 at 363. Johnson appealed the decision to the Missouri Supreme Court, which declined review on June 27, 2017.

On July 3, 2017, Johnson filed suit in this Court under Section 502(a)(3) of ERISA, again alleging that Lou Fusz unlawfully discharged her to avoid the costs of providing health insurance coverage for her son. Johnson alleges that her discharge violates Section 510 of ERISA, which prohibits discrimination against an ERISA plan participant "for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140.

Lou Fusz has moved to dismiss the complaint as barred by res judicata. Lou Fusz argues that all of the elements of res judicata are met here in that the first lawsuit resulted in a final judgment on the merits and was based on proper jurisdiction, and both suits involve the same parties and same claims or causes of action.

In response, Johnson argues that the dismissal of her MHRA claim without prejudice for lack of subject-matter jurisdiction in the first suit was neither a final judgment on the merits, nor a judgment based on proper jurisdiction. Moreover, Johnson notes that the state court would not have had jurisdiction over her ERISA claim, as that claim is subject to the exclusive jurisdiction of the federal courts. Finally, Johnson argues that the two suits were not based on the same claims or causes of action, as the first suit also contained an overtime claim.

In reply, Lou Fusz argues that, although the MHRA claim was dismissed without prejudice, the first suit resulted in a final judgment on the merits on the overtime claim, which is sufficient to trigger res judicata. Lou Fusz also argues that the first suit was based on proper jurisdiction because the state court had jurisdiction to enter summary judgment on the overtime claim, and although the state court lacked jurisdiction over the

MHRA claim (and the ERISA claim), a plaintiff cannot avoid res judicata by choosing to file suit in a court of limited jurisdiction. In particular, Lou Fusz notes that Johnson could have consented to the removal of the first suit to federal court and amended her complaint to assert her ERISA claim. Finally, Lou Fusz argues that the two suits are based on the same cause of action because both relate to Johnson's employment.

## **DISCUSSION**

The defense of res judicata "may be raised in a motion to dismiss when the identity of the two actions can be determined from the face of the petition itself," including "public records and materials embraced by the complaint and materials attached to the complaint." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012) (internal citations omitted). In considering a motion to dismiss based on res judicata, the Court must "accept the non-moving party's factual allegations as true and construe all reasonable inferences in favor of the nonmovant." *Schaefer v. Putnam*, 827 F.3d 766, 769 (8th Cir. 2016) (citation omitted).

"The law of the forum that rendered the first judgment controls the res judicata analysis." *Id.* (citation omitted). "It is now settled . . . that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Rick v. Wyeth, Inc.*, 662 F.3d 1067, 1069 (8th Cir. 2011) (citation omitted).

Under Missouri law, res judicata "prohibits a party from bringing a previously litigated claim" or "claims that *should* have been brought in the first suit." *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 715 (Mo. 2008). "As such, the doctrine

4

applies to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* at 715-16 (citation omitted).

Johnson's ERISA claim was not actually litigated in the first suit, and it is undisputed that Johnson's ERISA claim is within the exclusive jurisdiction of federal courts and, therefore, could not have been properly brought in state court. *See* 29 U.S.C. § 1132(e)(1); *see also Smith, Hinchman & Grylls, Assocs., Inc. v. Tassic*, 990 F.2d 256, 258 (6th Cir. 1993) ("[I]t is clear that section 510 claims are within the exclusive jurisdiction of the federal district courts under 29 U.S.C. § 1132(e)(1)."); *see also Haynes v. BIS Frucon Eng'g, Inc.*, No. 4:08-CV-701 CAS, 2008 WL 3853438, at *3 (E.D. Mo. Aug. 14, 2008) ("Section 502(a) provides that an action in federal court is the exclusive remedy for rights guaranteed under ERISA, including those provided by § 510.") (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144 (1990)).

In determining whether claim preclusion applies in such a situation, the United States Supreme Court has advised as follows:

> With respect to matters that were not decided in the state proceedings, we note that claim preclusion generally does not apply where "the plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy because of the limitations on the subject matter jurisdiction of the courts." Restatement (Second) of Judgments § 26(1)(c)(1982). If state preclusion law includes this requirement of prior jurisdictional competency, which is generally true, a state judgment will *not* have claim preclusive effect on a cause of action within the exclusive jurisdiction of the federal courts.

*Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985); *see also United States v. B.H.*, 456 F.3d 813, 817 (8th Cir. 2006) (holding that in order to

5

determine "the preclusive effect of a state court judgment on a claim that can be brought only in federal court," *Marrese* instructs that "federal courts must ask if state preclusion law addresses the more general question of whether preclusion bars related actions over which the rendering court had no jurisdiction.") (citing *Marrese*, 470 U.S. at 382).

Although the parties have not cited, and the Court has not found, a Missouri Supreme Court case precisely on point, the Missouri Court of Appeals has held that "[a] judgment is not conclusive of any question which, from the nature of the case or the form of action, could not have been adjudicated in the case in which it was rendered," and that "[i]t is of course obvious that issues outside the jurisdiction of the court to determine, cannot become res judicata by virtue of its judgment." *Meier v. Thorpe*, 822 S.W.2d 556, 559 (Mo. Ct. App. 1992) (citations omitted).

Moreover, "Missouri cases discussing claim preclusion generally follow the Restatement of Judgments." *Kesterson*, 242 S.W.3d at 717. Section 26(1)(c) of the Restatement (Second) of Judgments, as indicated in *Marrese*, provides that when "the plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts . . . , and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief," claim preclusion does not apply. Restatement (Second) of Judgments § 26(1)(c) (1982).

> The comments to this section are particularly instructive:
>
> *Limitations on the jurisdiction of a system of courts.* A given transaction may result in possible liability under the law of a state and alternatively under a federal statute enforceable exclusively in a federal court. When the

6

plaintiff brings an action in the state court, and judgment is rendered for the defendant, the plaintiff is not barred from an action in the federal court in which he may press his claim against the same defendant under the federal statute.

Restatement (Second) of Judgments § 26 cmt. c(1) (1982); *see also* Restatement (Second) of Judgments § 25 cmt. e (1982) ("If . . . the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground . . . , then a second action in a competent court presenting the omitted theory or ground should be held not precluded.").

In short, the Missouri judgment does not have preclusive effect on Johnson's ERISA claim. *See, e.g., McZeal v. S. Consumers Coop, Inc.*, No. CIV.A. 05-1080, 2009 WL 1307945, at *3 (W.D. La. May 7, 2009) ("[The plaintiff] could not have brought the present ERISA action in his state court suit because the state court lacked subject matter jurisdiction to adjudicate plaintiff's present federal ERISA claims. Accordingly, *res judicata* (claim preclusion) does not apply to bar . . . [the] present ERISA action.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED**. ECF No. 10.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2017.

7