UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LISA JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17-cv-1909-AGF |
| LOU FUSZ AUTOMOTIVE NETWORK, INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to strike Plaintiff's jury demand and request for back pay and lost benefits. ECF No. 12. For the reasons set forth below, Defendant's motion shall be granted in part and denied in part.

## BACKGROUND

On July 3, 2017, Plaintiff Lisa Johnson ("Johnson") filed her complaint against Defendant Lou Fusz Automotive Network, Inc. ("Lou Fusz") under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3). Johnson alleges that Lou Fusz wrongfully discharged her in violation of Section 510 of ERISA, which prohibits discrimination against an ERISA plan participant "for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. ECF No. 1.

Among other relief, Johnson seeks reinstatement and "restitution in the form of back pay . . . in an amount equal to her lost wages and other benefits of employment, with

pre- and post-judgment interest." *Id.* at 8. She also demands a jury trial "on all issues in this case which are so triable." *Id.* Lou Fusz now moves to strike Johnson's demand for a jury trial as well as her request for back pay and lost benefits pursuant to Federal Rule of Civil Procedure 12(f). ECF No. 12.

Lou Fusz argues that this Court should strike Johnson's jury demand because ERISA does not authorize jury trials for claims brought under § 1132(a)(3). ECF No. 13 at 2. Lou Fusz also argues that Johnson is not entitled to back pay and lost benefits because § 1132(a)(3) provides only for injunctive and other equitable relief. *Id.* at 3. Although Johnson's Complaint refers to her request for back pay and lost benefits as "restitution," Lou Fusz argues that this relief constitutes compensatory damages that Johnson is not entitled to recover. *Id.*

In response, Johnson argues that she should be permitted to plead a jury demand so that she may "preserve such a right 'to the extent ERISA claims do implicate a right to a jury trial.'" ECF No. 18 at 4 (citation omitted). Johnson further responds that her request for back pay and lost benefits is properly characterized as equitable relief. *Id.* at 2. She argues that relief in the form of monetary payment "may be characterized as equitable if [the request for monetary payment] is incidental to a request for reinstatement," and that her request for monetary relief meets that requirement. *Id.* at 3-4.

Lou Fusz replies that Johnson's request is not incidental to her request for reinstatement because she has failed to "allege any facts" that would show reinstatement is an appropriate remedy. ECF No. 20 at 3. Reinstatement would not be an appropriate

remedy, according to Lou Fusz, because Johnson was terminated four years ago and her position was ultimately eliminated. *Id.*

## **DISCUSSION**

This Court may strike from a pleading any "immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored because they are an "extreme measure," *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000), but the decision to grant or deny a motion to strike "lies within the sound discretion of the Court." *Johnson v. Metro. Sewer Dist.*, 926 F. Supp. 874, 875 (E.D. Mo. 1996).

### **Jury Demand**

A motion to strike a jury demand is only appropriate if Johnson does not have a federal right to a jury trial. Fed. R. Civ. P. 39 ("When a jury trial has been demanded under [Rule] 38 . . . trial on all issues so demanded must be by jury unless . . . (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."). The Seventh Amendment of the United States Constitution provides a right to a jury trial in lawsuits adjudicating legal rights and remedies, but not in lawsuits adjudicating only equitable rights and remedies. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990). ERISA expressly limits recovery under § 1132(a)(3) to injunctive and other equitable relief. *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209-10 (2002). Because Johnson is only entitled to equitable relief under § 1132(a)(3), Johnson has no right to a jury trial and her jury demand will be struck from the pleadings. *See, e.g., Teutscher v. Woodson*, 835 F.3d 936, 944 (9th Cir. 2016) (holding that a wrongful discharge claim under ERISA was

"categorized as equitable—meaning that [the plaintiff] had no right to a jury trial on that claim"); *Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999) (holding, in the context of an ERISA wrongful discharge claim, that there was "no right to a jury trial under ERISA).

**Request for Back Pay and Lost Benefits**

"A prayer for relief not available under the applicable law . . . is properly subject to a motion to strike." *Johnson*, 926 F. Supp. at 875. Lou Fusz's motion to strike Johnson's request for back pay and lost benefits may therefore be granted if § 1132(a)(3) does not authorize such recovery. Because § 1132(a)(3) provides only for injunctive and "other appropriate equitable relief," the determination of whether Johnson's request is authorized by law turns on whether Johnson's request can be characterized as equitable relief.

The United States Supreme Court has "interpreted the term 'appropriate equitable relief' in § 502(a)(3) as referring to those categories of relief that, traditionally speaking (*i.e.,* prior to the merger of law and equity) were *typically* available in equity." *CIGNA Corp. v. Amara*, 563 U.S. 421, 439 (2011) (citations omitted). The fact that "relief takes the form of a money payment does not [necessarily] remove it from the category of traditionally equitable relief." *Id.* As relevant here, the Supreme Court has held that "a monetary award incidental to or intertwined with injunctive relief may be equitable." *Terry*, 494 U.S. at 570-71.

Reinstatement is equitable relief. *See Olivares v. Brentwood Indus.*, 822 F.3d 426, 429 (8th Cir. 2016). Thus, if Johnson's request for back pay and lost benefits is

incidental to her request for reinstatement, that request may be properly characterized as equitable. *E.g., Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1255-57 (10th Cir. 2004); *Schwartz v. Gregori*, 45 F.3d 1017, 1022–23 (6th Cir. 1995); *Culver v. United Commerce Centers, Inc.*, No. 3:16-CV-01055-M, 2016 WL 9558837, at *3 (N.D. Tex. Oct. 24, 2016).

In deciding if Johnson's request for back pay and lost benefits is incidental to her request for reinstatement, this Court accepts as true the facts as alleged in the complaint and considers no evidence outside the pleadings. *Johnson*, 926 F. Supp. at 875. Johnson's prayer for relief states only that she seeks reinstatement and back pay "in connection with reinstatement." ECF No. 1 at 8. Based on the pleadings alone, Johnson may be able to show her claim for back pay and lost benefits is incidental to her request for reinstatement, and the Court will thus deny Lou Fusz's motion to strike this request.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to strike is **GRANTED in part** and **DENIED in part**, as set forth above. ECF No. 12.

**IT IS FURTHER ORDERED** that Plaintiff's jury demand is **STRICKEN**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2017.